UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**RYAN JOHNSON**                                                                                                    **PLAINTIFF**

**v.**                                                                           **CIVIL ACTION NO. 3:23-CV-P379-JHM**

**AMY ROBEY et al.**                                                                                            **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Ryan Johnson, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this *pro se* 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, some of Plaintiff's claims will be dismissed, others will be allowed to continue, and Plaintiff will be afforded an opportunity to file an amended complaint.

### I. STATEMENT OF CLAIMS

Plaintiff sues in their individual and official capacities Luther Luckett Correctional Complex (LLCC) Warden Amy Robey and Kentucky Department of Corrections Commissioner (KDOC) Cookie Crews. She also sues in their official capacities Classifications Branch Director Kieryn Fannin and Deputy Commissioner of Population Classifications Hillarye Dailey.

Plaintiff states that she is transgender and was recently the victim of an assault at LLCC, after which she asked for protective custody because she fears for her life. According to Plaintiff, the protective-custody investigation was conducted by Major Kevin Drake in the special management unit. Plaintiff states that she was placed in the special management unit instead of protective custody. She alleges that she still fears for her life and that her Eighth

Amendment rights have been violated because she is not safe and is now in "involuntary segregation."

Plaintiff asks for compensatory and punitive damages and to be moved to a protective-custody prison.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). When state officials are sued in their official capacities for monetary damages, they are not "persons" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim). State officials sued in their official capacities for damages are also absolutely immune from § 1983 liability under the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. at 169 ("Th[e] Eleventh Amendment bar remains in effect when State officials are sued for damages in their official capacity.").

For these reasons, Plaintiff's official-capacity damages claims will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary damages from Defendants who are immune from such relief.

The Court will allow the claim for injunctive relief to proceed against Defendants Robey and Crews in their official capacities.

It is not clear from the complaint whether Defendants Fannin and Dailey are employed at the LLCC or the KDOC. In any event, naming them in their official capacities is redundant to the official-capacity suit against Defendants Robey and Crews, and, therefore, the Court will dismiss Defendants Fannin and Daley from this action.

As to the individual-capacity claims against Defendants Robey and Crews, Plaintiff makes no allegations against them. "[D]amage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate

3

what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008). Nor are they liable merely because of their supervisory roles as LLCC Warden and KDOC Commissioner. Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (citing *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). "[L]iability of supervisory personnel must be based on more than merely the right to control employees." *Hays*, 668 F.2d at 872. Accordingly, the Court will dismiss the individual-capacity claims against Defendants Robey and Crews for failure to state a claim.

The Court will, however, afford Plaintiff an opportunity to amend her complaint to name individual(s) who were directly involved in the decision to deny her protective-custody housing and who have allegedly failed to protect her safety. *See, e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's official-capacity damages claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary damages from Defendants who are immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiff's individual-capacity claims against Defendant Robey and Crews are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the official-capacity claims against Defendants Fannin and Dailey are **DISMISSED** as redundant to the claims against the other Defendants.

The Clerk of Court is **DIRECTED** to terminate them as parties to the action.

**IT IS FURTHER ORDERED that within 30 days from the entry date of this Order, Plaintiff may file an amended complaint in which she 1) names individual(s) who were directly involved in the decision to deny her protective-custody housing and who have allegedly failed to protect her safety; and 2) describes the actions taken or not taken by each Defendant in regard to each claim**.  If filed the amended complaint will undergo initial review.

The **Clerk of Court** is **DIRECTED** to place the instant case number and the word "Amended" on a § 1983 complaint form and send it to Plaintiff for her use should she decide to file an amended complaint.

The Court will enter a separate Service and Scheduling Order to govern development of the official-capacity claims against Defendants Robey and Crews.

Date:  August 7, 2023

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
       Defendants Robey and Crews
       General Counsel, Justice and Public Safety Cabinet, Office of Legal Counsel
4414.009